LAND, J.
This is the third suit instituted by the same plaintiff against the defendant and its liredecessor'for damages for alleged nuisances created by the operation of boiler, machine, and sheet iron work on ground contiguous to the house of the plaintiff, occupied by him as a shop and family residence.
The first suit was instituted against the Oswald Iron Works, and is reported in 111 La. 705, 711, 35 South. 821, 64 L. R. A. 228. In that case the plaintiff sought to abate the operation of the entire plant, on the ground that the noise, smoke, and odors emanating therefrom constituted a nuisance to the neighborhood. The plaintiff obtained judgment enjoining the defendant from manufacturing or repairing boilers and tanks on lots 15 and 16, in the rear of and contiguous to plaintiff’s property, and for $500 damages. In other respects plaintiff’s demand was rejected. This judgment was affirmed by this court. It may be here noted that the machine and boiler works were situated on other lots in the same square, and that the demand for their abatement as a nuisance was rejected.
The second suit was instituted against the present defendant, and is reported in 118 La. 1077, 43 South. 882. It appears that, after the institution of the first suit, the defendant erected a machine shop on lot 15 and a ferrofix plant on the rear of lot 16, contiguous to plaintiff’s house, situated on the front portion of the same lot. The other works of defendant were on lots 1 and 2, in the rear of lots 15 and 16. The second suit was for damages, and was based on the theory that all of defendant’s works constituted a continuing nuisance. Defendant contended that the judgment in the first suit was res judicata as to the works on lots 1 and 2, that the noisy work on lots 15 and 16 had been abated, and that the operation of machine shop and ferrofix plant on the latter lots did not constitute a nuisance.
There was judgment below in favor of tha plaintiff for $10,000 damages. On appeal this court reduced the amount to $2,000. It appears from the original opinion in the case that this sum was awarded for the nuisance created by the new works on lots 15 and 16, but this is made certain beyond controversy by the statement of the court on application for rehearing that the damages awarded were “for the nuisance created by defendant’s, works on lots, 15 and 16,” and by ordering that the force and effect of the decree be restricted to said works.- The result of that litigation was in effect a judgment against, plaintiff on the question of nuisance vel non as to the works on lots 1 and 2.
*454 In the present suit the plaintiff seeks to enjoin the defendant from carrying on and operating any forges, foundry, ferrofix machines, shops, boiler works, or tank works anywhere in square No. 13,' or in the streets adjacent thereto, or within 300 feet thereof, and from operating and carrying on any steam engines or ferrofix machines without the use of a smoke consumer and chimney, or devices that can entirely carry away the noxious vapors and gases from the said machines above the roof of the house; and plaintiff also sues to recover damages suffered by him by the continuance of said nuisance since February 12, 1903, the date of the institution of the second suit. Defendant pleaded the judgments of this court in the prior suits as res judicata as to its works on lots other than 15 and 16. This plea was maintained as to so much of plaintiff’s demand as relates to the business carried on by the defendant on lots 1- and 2. of square 13.
Plaintiff has appealed.
In the first suit the plaintiff sought to enjoin the Oswald Iron Works from operating their boiler works on Morgan or Patterson streets, and from battering or hammering large sheets of iron for boiler or manufacturing purposes on said premises. The injunction prayed for was rejected, except as to the last demand, and this was restricted to lots 15 and 16.
In the second suit plaintiff’s claim for damages on the ground of nuisance was rejected as to all its works, except such as were situated on lots 15 and 16. Hence this court has twice decided that the operation of defendant’s works on the other lots did not constitute a nuisance.
In the second case this court said:
“If the condition continued the same, if there is about similar noise, no greater volume of smoke, and the vibrations are the same, then the first suit had the effect of res judicata.”
The judgment below does not conclude plaintiff from showing that the works on lots 1 and 2 have become a nuisance, by reason of new conditions, since the institution of the second suit. The case is open as to lots 15 and 16.
Judgment affirmed.